UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JOSEPH T. WILLIAMS-BEY,** ) | |
| ) | |
|        **Petitioner** ) | |
| ) | |
|        v. ) | No. 3:05cv0511 AS |
| ) | |
| **ED BUSS,** ) | |
| ) | |
|        **Respondent** ) | |

*MEMORANDUM OPINION AND ORDER*

On or about August 22, 2005, *pro se* petitioner, Joseph T. Williams-Bey, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on November 28, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on December 2, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. For immediate consideration, it is helpful to look closely at the unpublished memorandum decision entered by the Court of Appeals of Indiana on April 26, 2005, authored by Judge Friedlander and concurred in by Judges Sharpnack and Baker. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

This case emanated from the Elkhart Superior Court in Elkhart County, Indiana. The Supreme Court of Indiana denied transfer on July 13, 2005. As indicated, this petitioner was filed on August 22, 2005 and this petitioner is entitled to any benefits available to him under *Houston v. Lack,* 487 U.S. 266 (1988). Certainly the elaborate state of facts found in the opinion of the Court of Appeals of Indiana are entitled to a rebuttable presumption of correctness under 28 U.S.C. §2254(e)(1), and the petitioner has the burden to rebut that presumption of correctness by clear and convincing evidence. A jury found this petitioner guilty of rape and criminal deviate conduct and also found him, separately, to be a habitual offender. The state trial court sentenced this petitioner to 70 years imprisonment.

The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). The standards of sufficiency enunciated in *Jackson v. Virginia*, 443 U.S. 307 (1979) have been met here. *See also* the standards in *Wright v. West*, 505 U.S. 277 (1992).

The petitioner's claim with reference to prosecutorial misconduct during opening statement appears to be a question of Indiana law. There can be no question that as Justice George Sutherland enunciated in *Berger v. United States*, 295 U.S. 78 (1935), that federal prosecutors may strike hard blows but not foul blows. Such would also apply to state

2

prosecutors. The prosecutorial misconduct charge is, however, subject to procedural default under *Coleman v. Thompson*, 501 U.S. 722 (1991), *rehr'g denied*, 501 U.S. 1277 (1991), and *Franklin v. Gilmore*, 188 F.3d 877 (7th Cir. 1999).

The twin cases of *Woodford v. Visciotti*, 537 U.S. 19 (2002), and *Early v. Packer*, 537 U.S. 3 (2002), unanimously decided the same day in 2002 by the Supreme Court of the United States, are worthy of attention here. The comprehensive opinion of Judge Friedlander of the Court of Appeals of Indiana demonstrates close consideration. Certainly in his pro se petition to transfer directed to the Supreme Court of Indiana, this petitioner directed that court to a wide array of issues, and the Court of Appeals of Indiana appears to have gotten it correctly and survived a petition to transfer.

For these reasons, the petition for relief under 28 U.S.C. §2254 is now **DENIED**. **IT IS SO ORDERED**.

    **DATED:** December 7, 2005

                              S/ ALLEN SHARP
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**